UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSEPH MUENCH, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TRUE CLASSIC TEES LLC,<br><br>Defendant. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO: THE CLERK OF COURT FOR THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

AND TO: PLAINTIFF JOSEPH MUENCH AND HIS ATTORNEYS OF RECORD

PLEASE TAKE NOTICE THAT defendant True Classic Tees LLC ("**TCT**" or "**Defendant**"), by and through counsel, hereby removes the action captioned *Joseph Muench, on his own behalf and on behalf of all others similarly situated vs. True Classic Tees LLC*, originally filed in the Superior Court of the State of Washington for the County of King ("**King County Superior Court**"), Case Number 26-2-27854-7, to the United States District Court for the Western District of Washington at Seattle, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. TCT files this Notice of Removal without submitting to the jurisdiction of this Court and without waiving any available defenses including, without limitation, lack of jurisdiction, improper venue, or insufficient service of process. As set forth herein, removal is timely and has been properly noticed, this Court has diversity jurisdiction because there is complete diversity between the parties and the



SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

amount in controversy appears to exceed $75,000, and the action is otherwise removable based on the following grounds:

## I. STATE COURT COMPLAINT

1. On August 25, 2026, plaintiff Joseph Muench ("**Plaintiff**") filed a putative Class Action Complaint (the "**Complaint**") against TCT in King County Superior Court, captioned as *Joseph Muench, on his own behalf and on behalf of all others similarly situated vs. True Classic Tees LLC*, Case Number 26-2-27854-7 (the "**King County Action**"). A true and correct copy of the Complaint in the King County Action is filed contemporaneously herewith. *See* 28 U.S.C. § 1446(a); LCR 101(b). Aside from the Complaint, Order Setting Civil Case Schedule, Case Information Cover Sheet and Area Designation, Case Assignment Area Designation and Case Information Cover Sheet, and Summons, no other documents have been filed in the King County Action. *See* Verification of Court Records ("**Verification**"), Exs. 1-5.

2. Plaintiff defines the putative class as "[a]ll Washington residents who, during the Class Period, received a commercial email sent by Defendant, on behalf of Defendant, or with Defendant's assistance, that contained messaging in the email subject line that states or implies that a particular promotion will be available for a specified period of time when the actual period for the sale is longer." Verification, Ex. 1 (hereinafter, "**Compl.**"), ¶ 50.

3. Plaintiff alleges that the "Class is so numerous that joinder of all members is impracticable; the Class is estimated to minimally contain thousands of members, who can be identified through Defendant's electronic mailing lists." *Id.* at ¶ 53.

## II. REMOVAL IS TIMELY

4. Plaintiff filed the Complaint on August 25, 2026. TCT files this Notice of Removal within 30 days of the filing of the Complaint. *See* 28 U.S.C. § 1446(b) & (c). No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

## III. VENUE AND INTRADISTRICT ASSIGNMENT

5. Venue and intradistrict venue are proper in this Court pursuant to 28 U.S.C.



SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

§ 1441(a) because the King County Action is pending in King County Superior Court, which is situated in the Western District of Washington. TCT does not concede that venue is proper for any other reason or under any other statute and reserves the right to seek transfer.

## IV. DIVERSITY JURISDICTION

6. The Court has original jurisdiction of this action under 28 U.S.C. § 1332(d)(2)(A), which provides federal district courts with original jurisdiction over class actions in which (1) any member of the putative class is a citizen of a state different from any defendant (*i.e.*, there exists "minimal diversity"); (2) the proposed class has 100 or more members; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2), (5)(B), (6); *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84–85 (2014); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1090–91 (9th Cir. 2010). Each of these requirements is satisfied here.

7. This Court likewise has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1) because this action is between citizens of different states and involves a controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

8. TCT may therefore remove this matter from state to federal court pursuant to 28 U.S.C. § 1441(a).

### A. There is Complete Diversity of Citizenship Between the Parties.

#### (1) Plaintiffs Are Washington Residents.

9. A natural person is a citizen of the state in which he is domiciled. *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). Plaintiff alleges he is a resident and citizen of the State of Washington who resides in Seattle, King County. Compl., ¶¶ 11, 47.

10. The putative class is defined as "[a]ll Washington residents" who received certain commercial emails from TCT. *Id.* at ¶ 50. Plaintiff and the putative class members are therefore citizens of Washington.



SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

11. Additionally, 28 U.S.C. § 1332(d)(5)(B) requires that the proposed plaintiff class have at least 100 members. The Complaint alleges that the putative class "is estimated to minimally contain thousands of members." *Id.* at ¶ 53. Therefore, the putative class exceeds the 100-member threshold.

**(2) Defendants Are Not Washington Residents.**

12. Pursuant to 28 U.S.C. § 1332(d)(10), an LLC qualifies as an "unincorporated association," and its citizenship is therefore determined by its state of organization and principal place of business—not by the citizenship of its individual members as would apply in non-class action diversity cases. Multiple courts have adopted this interpretation. *See Ferrell v. Express Check Advance of SC LLC*, 591 F.3d 698, 700 (4th Cir. 2010) (explicitly holding that an LLC is an "unincorporated association" under § 1332(d)(10); *Calchi v. TopCo Assocs., LLC*, 676 F. Supp. 3d 604, 614 (N.D. Ill. 2023) (concluding that LLC citizenship under § 1332(d)(10) is determined by its principal place of business and state of organization); *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 714–15 (N.D. Cal. 2021) (indicating that the Class Action Fairness Act's language supports treating LLCs as unincorporated associations under § 1332(d)(10), noting that the majority of courts have adopted this interpretation, and finding that LLC citizenship under § 1332(d)(10) should be based on principal place of business and state of organization).

13. The Complaint acknowledges that TCT is a Delaware limited liability company, with its principal place of business in California. Compl., ¶ 12. Accordingly, under 28 U.S.C. § 1332(d)(10), TCT is not a Washington citizen. Because Plaintiff and the putative class are citizens of Washington and TCT is not, minimal diversity is satisfied.

14. To establish diversity under 28 U.S.C. § 1332(a)(1), an LLC's citizenship is determined by looking at the citizenship of its members. *See Segundo Suenos, LLC v. Jones*, 494 Fed. App'x 732, 735 (9th Cir. 2012). TCT's members are citizens of California, New Jersey, and the United Kingdom; therefore, none of TCT's members are Washington citizens. Thus, there



SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

is complete diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(b) because this is a civil action between citizens of different states.

**B. The Amount in Controversy Requirement is Satisfied.**

15. While TCT denies any liability as to Plaintiff's claims and denies that any of Plaintiff's claims result in damages in excess of $75,000, the amount in controversy requirement is satisfied.

16. Under 28 U.S.C. § 1332(d)(6), the claims of individual class members are aggregated to determine the amount in controversy.

17. A defendant seeking removal under 28 U.S.C. § 1332(d) need only plausibly allege that the amount in controversy exceeds $5,000,000. *Dart Cherokee Basin Operating Co.*, 574 U.S. at 89; *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019). If the plaintiff contests the amount, the defendant must establish it by a preponderance of the evidence. *LaCross v. Knight Transp., Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015); *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

18. In assessing the amount in controversy, courts may consider the allegations on the face of the complaint and reasonable assumptions based on the judgment of a reasonable defendant. *LaCross*, 775 F.3d at 1201; *Ibarra*, 775 F.3d at 1197–98; *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993–94 (9th Cir. 2022).

19. The amount in controversy is assessed at the time of removal and includes damages, penalties, and attorneys' fees recoverable under the claims asserted. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376–77 (9th Cir. 1997).

20. While TCT disputes these allegations, Plaintiff has brought this action on behalf of a putative class, which he alleges minimally contains thousands of members. According to the allegations in the Complaint, each member of the putative class received emails from TCT that Plaintiff alleges violate the Commercial Electronic Mail Act ("**CEMA**"), RCW 19.190.020, and



SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

the Consumer Protection Act ("**CPA**"), RCW 19.86.020, which carries a penalty of $100 per violation with treble damages and costs of suit, including attorneys' fees. Compl., Section VI.

21. While TCT disputes these allegations, Plaintiff alleges that TCT sent at least 30 violative emails. *Id.* at ¶ 28. Thus, assuming a class of 2,000 plaintiffs, Plaintiff's complaint alleges damages amounting to $6,000,000, exclusive of treble damages and attorney fees. Thus, the total amount in controversy exceeds the $5,000,000 threshold of 28 U.S.C. § 1332(d) and the $75,000 threshold of 28 U.S.C. § 1332(a). Accordingly, while TCT disputes Plaintiff's allegations, the amount in controversy requirement is satisfied.

**C. Exceptions to Removal under 28 U.S.C. § 1332(d) Do Not Apply.**

22. The "home-state" exception to jurisdiction, 28 U.S.C. § 1332(d)(4)(B), does not apply because TCT is not a citizen of Washington. *Singh v. Am. Honda Fin. Corp.*, 925 F.3d 1053, 1067 (9th Cir. 2019).

23. The "local controversy" exception, 28 U.S.C. § 1332(d)(4)(A), likewise does not apply because the sole named defendant, TCT, is not a citizen of Washington. *Kendrick v. Conduent State & Loc. Sols., Inc.*, 910 F.3d 1255, 1260 (9th Cir. 2018).

24. Neither exception applies, and this Court has original jurisdiction over this action.

## V. SERVICE OF NOTICE OF REMOVAL

25. This Notice of Removal will promptly be served on Plaintiff and the Clerk of the King County Superior Court.

///

///

///

///

///

///

///



SNELL & WILMER
600 University Street, Suite 310
Seattle, Washington 98101
206.741.1420

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant removes this action from the Superior Court of the State of Washington for the County of King to the United States District Court for the Western District of Washington.

Dated: September 24, 2026

SNELL & WILMER L.L.P.

By: *s/Benjamin C. Woodruff*
*s/Kelsey M. Benedick*

Benjamin C. Woodruff, WSBA #56618
Kelsey M. Benedick, WSBA #57213
SNELL & WILMER L.L.P.
600 University Street, Suite 310
Seattle, WA 98101-3122
Telephone: 206.741.1420
bwoodruff@swlaw.com
kbenedick@swlaw.com

*Attorneys for Defendant*